# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| RONALDO SUELLEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MERCANTILE ADJUSTMENT BUREAU, LLC and EQUABLE ASCENT FINANCIAL,<br><br>　　　　Defendants. | Case No. 12-cv-00916 NC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

　　　Defendant Mercantile Adjustment Bureau moves to dismiss plaintiff Ronaldo Suellen's first amended complaint under Federal Rule of Civil Procedure 12(b)(6). The issue presented is whether Mercantile made a false representation in a debt collection letter by identifying Equable Ascent Financial ("EAF") as the "creditor" of Suellen's debt in violation of the federal Fair Debt Collection Practices Act ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). The motion is appropriate for determination without oral argument. *See* Civil L.R. 7-1(b).

　　　As an initial matter, the Court finds that the FDCPA and the Rosenthal Act apply to both Mercantile and EAF. As Mercantile has not made a false, misleading, or deceptive representation, however, Mercantile has not violated either statute by naming EAF as the creditor. Accordingly, Mercantile's motion to dismiss is GRANTED.

//

# I. BACKGROUND

## A. Facts Alleged in the First Amended Complaint

Plaintiff Suellen, a resident of California, alleges that he is a consumer within the meaning of 15 U.S.C. § 1692a(3). Am. Compl. ¶ 13. Suellen alleges that defendant Mercantile, a New York corporation, is in the business of collecting debts and is a debt collector within the meaning of 15 U.S.C. § 1692a(6). *Id.* ¶ 14. Suellen alleges that defendant EAF, an "out-of-state entity," is also in the business of collecting debts and is a "debt buyer." *Id.* ¶¶ 4, 15-16.[1]

Suellen defaulted on a credit card debt owed to "Chase Bank U.S.A. and or [sic] Washington Mutual." *Id.* ¶¶ 18, 20. After several unsuccessful attempts to collect on the debt, Chase Bank sold the defaulted account to EAF. *Id.* ¶ 13.

On or about January 17, 2012, Suellen received a debt collection letter on Mercantile's letterhead seeking to collect the $4,180.51 owed. *Id.*, Ex. A.[2] The letter claimed that it was a communication from a debt collector in an attempt to collect a debt. *See id.* It identified "Chase Bank USA, N.A. (WaMu)" as the "previous creditor" and EAF as the "current creditor." *Id.*

## B. Suellen's Claims and Mercantile's Motion to Dismiss

Suellen filed his original complaint naming Mercantile as the sole defendant. *See* Compl., Dkt. No. 1. On April 5, 2012, Suellen amended the complaint to add EAF as a defendant. *See* Am. Compl., Dkt. No. 9. In the amended complaint, Suellen claims that Mercantile, as a debt collector, violated the FDCPA and the Rosenthal Act by falsely identifying EAF as the "current creditor" in the debt collection letter. *Id.* ¶ 2. Suellen

---

[1] Suellen brings this action on behalf of a purported class. *See* Am. Compl. ¶¶ 33-42. To date, he has made no motion for class certification.

[2] Suellen attached the debt collection letter as an exhibit to the amended complaint. *See* Am. Compl., Ex. A. For the purposes of ruling on a 12(b)(6) motion to dismiss, the Court may consider documents attached to the complaint and incorporated by reference. *See Hal Roach Studios, Inc.*, 896 F.2d 1542, 1555 n.19 (citing *Amfac Mtg. Corp. v. Arizona Mall of Tempe*, 583 F.2d 426, 429 (9th Cir.1978)).

Case No. 12-cv-00916 NC
ORDER RE MOTION TO DISMISS        2

bases this conclusion on cases that evaluate whether an entity is a debt collector or a creditor for the purpose of making an initial determination as to whether the FDCPA applies to the entity. *Id.* ¶¶ 5-8. Suellen contends that the categories of debt collector and creditor are mutually exclusive, and because EAF received Suellen's account in default, EAF can only be a debt collector. *Id.* Suellen reasons that Mercantile therefore falsely identified EAF as a creditor in the debt collection letter when EAF should have been identified as a debt collector. *Id.*

Mercantile moves to dismiss Suellen's claims on the grounds that EAF, as the owner of Suellen's debt, *is* a creditor and was correctly identified as such in the debt collection letter. Mot. Dismiss at 2, Dkt. No. 11. Mercantile contends that it therefore did not falsely identify EAF as a creditor in the debt collection letter. *Id.* at 6-7.

**C.     Jurisdiction**

The Court has jurisdiction over this action under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Supplemental jurisdiction over state law claims arises under 28 U.S.C. § 1367. All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). *See* Dkt. Nos. 7-8, 23.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead his claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). A court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). If a complaint lacks facial plausibility, a court must grant a

motion to dismiss with leave to amend, unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

### III. DISCUSSION

**A.  The Purpose of the FDCPA and the Rosenthal Act is to Protect Consumers from Abusive Debt Collection Practices.**

The FDCPA prohibits debt collectors from making any "false, deceptive, or misleading representation[s] . . . in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute further outlines specific guidelines that debt collectors must follow in collecting a debt, including validation of the debt. 15 U.S.C. § 1692g(a). Validation of debts requires debt collectors to "send the consumer a written notice containing the amount of debt [and] the name of the creditor to whom the debt is owed," among other information. *Id.*

California has its own consumer protection statute, entitled the Rosenthal Act, with similar objectives to the FDCPA. Cal. Civ. Code §§ 1788-1788.1. California incorporates sections 1692e and 1692g of the FDCPA into the Rosenthal Act. Cal. Civ. Code § 1788.17.

**B.  The FDCPA and the Rosenthal Act Apply to Both Mercantile and EAF.**

The Court first must assess whether the FDCPA and Rosenthal Act apply to Mercantile's debt collection activities.[3]

The primary inquiry in determining whether the FDCPA applies is whether an entity is *servicing* the debt or *collecting* the debt. *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 538 (7th Cir. 2003). The FDCPA only applies to debt collectors, not creditors. *Schlegel v. Wells Fargo Bank, N.A.*, 799 F. Supp. 2d 1100, 1103 (N.D. Cal. 2011) (citing *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182

---

[3] Mercantile concedes that the FDCPA applies. Mot. Dismiss at 8-9. The analysis Mercantile uses to show that EAF is indeed a creditor, however, is also used to determine whether the FDCPA applies.

Case No. 12-cv-00916 NC
ORDER RE MOTION TO DISMISS           4

(D. Ariz. 2009)). The reason for this limited application of the FDPCA is to protect consumers against entities that have "no ongoing relationship with the [consumer]" and "no incentive to engender [goodwill] by treating the [consumer] with honesty and respect." *Ruth v. Triumph P'ships*, 577 F.3d 790, 797 (7th Cir. 2009); *see also Schlegel*, 799 F. Supp. 2d at 1105. Accordingly, the categories of creditor and debt collector are mutually exclusive for the purposes of "applying the [FDCPA] to a particular debt." *Schlosser*, 323 F.3d at 536; *see also Schlegel*, 799 F. Supp. 2d at 1103.

The FDCPA defines "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). The "creditor" category excludes "any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." *Id.* Under the Rosenthal Act, a "creditor" is anyone who "extends consumer credit to a debtor" and does not exclude persons to whom a debt is assigned solely for collection. Cal. Civ. Code § 1788.2(i).

The FDCPA defines "debt collector" as any person engaged in "any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed . . . another." 15 U.S.C. § 1692a(6). For the purposes of applying the FDCPA, circuit courts have created two categorical rules for determining whether an entity is a debt collector. The first category excludes from the definition of "debt collector" any person collecting a debt "owed or due another" that was "not in default at the time it was obtained." 15 U.S.C. § 1692a(6)(F)(iii); *see also Schlosser*, 323 F.3d at 536. The reason for this exclusion relates back to the underlying motivation for the debt collector-creditor distinction. Because an entity that acquires a debt in default has "no incentive to engender goodwill" with the consumer, it is therefore subject to the FDCPA. *Ruth*, 577 F.3d at 797.

The second exclusion from the FDCPA's definition of "debt collector" is "collecting a debt *not* for another." *Schlegel*, 799 F. Supp. 2d at 1104 (emphasis

Case No. 12-cv-00916 NC
ORDER RE MOTION TO DISMISS  5

added).[4] For example, the Seventh Circuit held in *Schlegel* that Wells Fargo Bank, an assignee of defaulted debt, was not a debt collector because it was not collecting debt for another, even though the debt was in default at the time of assignment. 799 F. Supp. 2d at 1104-05. The court reasoned that because the bank was still servicing the debt, it had motivation to maintain an on-going relationship of "honesty and respect" with the consumer. *Id.* at 1105.

It follows that one may still be a debt collector when one is collecting a debt owed to itself if the primary purpose is not to service the debt. *See Ruth*, 577 F.3d at 797; *see also Schlosser*, 323 F.3d at 538-39. For example, in *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 931 (9th Cir. 2007), the Ninth Circuit determined that the purchaser of a debt from the original creditor was subject to the FDCPA as a debt collector, even though it was technically not a collection agency employed by the original creditor.

Here, on the face of the collection letter, Mercantile asserts that it is collecting the debt on behalf of EAF. Mot. Dismiss at 9; Am. Compl., Ex. A. Mercantile is a debt collector subject to FDCPA liability because it is engaged in the business of collecting debts and regularly attempts to collect debts. *See* 15 U.S.C. § 1692a(6).

The Court finds that EAF is also alleged to be a debt collector for the purposes of subjecting it to FDCPA liability. *See Schlosser*, 323 F. 3d at 536. Because Suellen's debt was in default when EAF acquired it, EAF does not have an ongoing relationship with Suellen or incentive to treat Suellen with honesty and respect. *See id.* Even though EAF acquired Suellen's debt from the original creditor, Chase Bank, and is now collecting for itself, it remains subject to the FDCPA as its primary purpose is to collect the debt, not to service the debt. *See id.* at 538. EAF is also subject to the Rosenthal Act because the Rosenthal Act includes entities collecting for themselves in its category of

---

[4] Under the Rosenthal Act, someone is a debt collector even if he is collecting the debt for himself. Cal. Civ. Code § 1788.2(c).

debt collectors. *See* Cal. Civ. Code § 1788.2(c).

In sum, the Court finds that the FDPCA and Rosenthal Act apply because both Mercantile and EAF fall within the meaning of debt collectors that are subject to FDCPA and Rosenthal Act liability.

**C.    The Issue Presented in this Case Goes Beyond the Initial Determination of FDCPA Applicability.**

The mutual exclusivity of the two categories, debt collector and creditor, is only relevant in determining whether a particular entity is subject to FDCPA liability. *See Schlosser*, 323 F.3d at 536. A person who engages in debt collection activities is "at least nominally a creditor" if he is actually owed the debt. *F.T.C. v. Check Investors*, 502 F.3d 159, 173 (3d Cir. 2007). The key issue here is not whether EAF is a debt collector or a creditor under the FDCPA, but whether Mercantile falsely identified EAF as a creditor in violation of 15 U.S.C. § 1692e.

**D.    Mercantile Did Not Make a False Representation Under the Least Sophisticated Debtor Standard.**

The FDCPA prohibits debt collectors from making any "false, deceptive, or misleading representation . . . in connection with the collection of any debt." 15 U.S.C. § 1692e. The Rosenthal Act also prohibits debt collectors from making certain false representations and communications during the course of collecting a debt, such as falsely identifying someone as an attorney or falsely representing that a legal proceeding has been initiated. Cal. Civ. Code § 1788.133. Furthermore, the Rosenthal Act incorporates 15 U.S.C. § 1692e, such that a violation of § 1692e is a violation of the Rosenthal Act as well. Cal. Civ. Code § 1788.17.

In determining whether a debt collector has violated 15 U.S.C. § 1692e, the court considers objectively whether the "least sophisticated debtor would likely be misled by a communication." *Gonzalez v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (citing *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010)); *see also Diaz v. United Collection Bureau*, No. 11-cv-548 SC, 2011 WL 2443780, at *2

1  (N.D. Cal. June 16, 2011). Whether a debt collection letter confuses the least sophisticated debtor is a matter of law to be determined by the court. *Gonzalez*, 660 F.3d at 1061 (citing *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 2007)).

The least sophisticated debtor standard is lower than a reasonable debtor standard. *Gonzalez*, 660 F.3d at 1061. The least sophisticated debtor may have "below average sophistication or intelligence" or may be "uninformed or naive." *Id.* at 1062 (citation omitted); *see also Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643, 645-46 (7th Cir. 2009) ("The [least sophisticated debtor] isn't a dimwit. She may be uninformed, naive, and trusting, but she has rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." (citations omitted)). Still, the least sophisticated debtor is presumed to have a "basic level of understanding and willingness to read with care." *Gonzalez*, 660 F.3d at 1062 (citation omitted). This standard does not protect debtors from "bizarre, idiosyncratic, or peculiar misinterpretations." *Id.* (citation omitted); *see also White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000) ("[T]he FDCPA protects the unsophisticated debtor, but not the irrational one.").

Here, Suellen has not alleged facts to show how Mercantile has misled the least sophisticated debtor in identifying EAF as the creditor. *See* Am. Compl. Suellen merely asserts that Mercantile makes a false representation in doing so. *Id.* at ¶¶ 2, 32. The debt collection letter on its face is not misleading to the least sophisticated debtor. *Id.*, Ex. A. The collection letter correctly identifies EAF, the entity "to whom a debt is owed," as the "current creditor" in the way that the least sophisticated debtor would understand. *Id.* It also clearly identifies that Mercantile as the debt collector attempting to collect on a debt. *Id.* Suellen's interpretation of the collection letter is an example of the bizarre, idiosyncratic, and peculiar misinterpretation that the statute is not designed to protect. *See Gonzalez*, 660 F.3d at 1062.

Suellen's claim does not fall into any of the prohibited categories in the Rosenthal Act. *See* Cal. Civ. Code § 1788.13. Because Mercantile has not violated the FDCPA,

Case No. 12-cv-00916 NC
ORDER RE MOTION TO DISMISS        8

likewise it has not violated the Rosenthal Act. *See* Cal. Civ. Code § 1788.17.

**E.  Mercantile Properly Identified EAF as the Creditor in Compliance with 15 U.S.C. § 1692g(a)(2).**

Contrary to Suellen's claim that Mercantile has acted unlawfully, the Court finds that Mercantile's collection letter complied with the requirements set forth in the FDCPA. The FDCPA requires debt collectors to send a consumer a written notice within five days after the initial communication with the consumer with regard to the collection of any debt. 15 U.S.C. § 1692g(a). This notice must contain, among other things, "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). The Rosenthal Act codifies this section into state law. Cal. Civ. Code § 1788.17. Courts also evaluate violations of § 1692g under the least sophisticated debtor standard. *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988) (citing *Baker v. G.C. Services Corp.*, 677 F.2d 775, 778 (9th Cir. 1982)); *see also Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

Courts have provided guidance as to the kinds of statements that sufficiently name the creditor to whom a debt is owed. *See, e.g.*, *Quicho v. Mann Bracken, LLC*, No. 07-cv-3478 BZ, 2007 WL 2782971, at *1 (N.D. Cal. Sept. 25, 2007) (holding that a letter that clearly identifies the creditor at the top of the letter next to the caption "Name of Creditor" satisfies 15 U.S.C. § 1692g(a)(2)); *see also Sticklin v. First Nat. Collection Bureau, Inc.*, No. 10-cv-01027-JPG-SCW, 2012 WL 1076679, at *10 (S.D. Ill. Mar. 30, 2012) (finding a letter "identifying the creditor clearly at the top of the letter . . . [and providing] the [name of the] original creditor" would not confuse the least sophisticated debtor, even if the body of the letter only refers to the creditor as the "above-referenced client.").

Merely naming the creditor without identifying it as the current creditor, however, has been found in violation of § 1692g(a)(2). *Sparkman v. Zwicker & Associates, P.C.*, 374 F. Supp. 2d 293, 300-01 (E.D.N.Y. 2005). Also, a statement that simply says the original creditor sold the debt, but does not state who the current creditor

1 is, "fails . . . to eliminate any factual question as to whether the least sophisticated [debtor] would understand (1) to whom . . . the debt [was sold] or (2) who owned the debt at the time the letter was sent." *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007).

Here, Mercantile's letter clearly names EAF as the "current creditor" of the account, and the body of the letter states that the account is owed to EAF. Am. Compl. Ex. A. As *Quicho* and *Stricklin* held, such a clear heading identifying the current creditor at the top of the letter sufficiently notifies the consumer to whom the account is owed and satisfies the requirements in the FDCPA. *See* 2007 WL 2782971 at *1; *see also* 2012 WL 1076679 at *10. In fact, if Mercantile identified EAF as the debt collector in the way that Suellen suggests it should, Mercantile's letter would likely have run afoul of § 1692g. Mercantile cannot simply identify Chase Bank as the previous creditor without identifying the current creditor as well. *See Sparkman*, 372 F. Supp. 2d at 300-01. If Mercantile says Chase sold the account and then identifies both EAF and itself as debt collectors, such statements would likely confuse the least sophisticated debtor as to whom the debt is actually owed. *See Dewees*, 506 F. Supp. 2d at 132. Therefore, Mercantile properly satisfied § 1692g(a)(2) by fulfilling the requirements in a way that is clear and understandable to the least sophisticated debtor. *See Swanson*, 869 F.2d at 1225.

//

## IV. CONCLUSION

Because Mercantile accurately identified EAF as the current creditor of Suellen's account, it did not make a false, misleading, or deceptive representation in its debt collection letter. Therefore, Suellen has not stated a claim upon which relief may be granted, and Mercantile's motion to dismiss is GRANTED, with leave to amend. Suellen may file an amended complaint within 30 days of the filing date this order. If Suellen fails to file an amended complaint within the specified time provided, this action will be dismissed with prejudice. The June 13, 2012 case management conference is CONTINUED to 10:00 a.m. on August 1, 2012.

IT IS SO ORDERED.

DATED: June 12, 2012

Nathanael M. Cousins
United States Magistrate Judge